UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELVIN NOE MORALES ROMERO,

v.  Case No. 8:04-cr-336-T-17MSS
 8:07-cv-1111-T-17MSS

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Romero's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-303)

Background

On August 5, 2004, a grand jury in the Middle District of Florida indicted Romero and several other men on charges of conspiring to possess five kilograms or more of cocaine with the intent to distribute it, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii), and possessing five kilograms or more of cocaine with the intent to distribute it, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). Doc. cr-1. Romero pled guilty to both counts without a plea agreement. Doc. cr-165.  On December 19, 2005, the Court sentenced Romero to serve 151 months' imprisonment. Docs. cr-221, cr-226 (Judgment).

Romero directly appealed the final judgment to the United States Court of Appeals

for the Eleventh Circuit, Appeal No. 05-17139-JJ.[1] On appeal, Romero raised the following issues:

> a. Whether the District Court's erred in denying Romero's motion to suppress evidence;
>
> b. Whether the District Court erred in finding that Romero did not have a minor role in the charged offenses; and
>
> c. Whether the sentence that the District Court imposed was unreasonable.

On September 14, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the disposition of this case. *United States v. Romero,* 195 Fed. Appx. 935 (11th Cir. 2006). Doc. cr-297 (USCA Decision). On June 26, 2007, Romero filed the instant section 2255 motion and supporting memorandum of law challenging the Court's jurisdiction as his sole ground for relief. Doc. cv-1, p. 4.  The 28 U.S.C. § 2255 motion to vacate is timely.

## Discussion

Romero claims the Court had no jurisdiction over his case because he is a citizen of Honduras, and the United States Government never sought the required authorization to exercise jurisdiction over his person. Doc. cv-1, p. 12. Romero asserts the United States was required to do so under Article 6 of the January 30, 2001, Agreement between the United States and Honduran Governments concerning cooperating for the suppression of illicit maritime traffic in narcotic and psychotropic substances.

Vessels "subject to the jurisdiction of the United States" include those "registered in a foreign nation where the flag nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C. App. § 1903(c)(1)(C).

---

[1] Appellate briefs of Romero and the Government are attached to the Government's response.

Romero argues that the Court had no jurisdiction in his case because authorization was never sought from the Honduran Government.

Romero waived his right to raise this issue on appeal, however, by pleading guilty unconditionally. In any event, he admitted that fact when he pled guilty, and the evidence also amply supported the Court's finding.

A defendant who enters an unconditional guilty plea admits all elements of the formal criminal charge and waives all nonjurisdictional defects in his court proceedings. *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986). The only exception is for challenges to the courts' subject-matter jurisdiction, "*i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (emphasis in original). "Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231. . . . That's the beginning and the end of the 'jurisdictional' inquiry." *McCoy v. United States*, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001). Therefore, "an indictment charging that a defendant violated a law of the United States gives the district court jurisdiction over the case and empowers it to rule on the sufficiency of the indictment." Id. at 1252.

Because the district court has jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, and the indictment charged Romero with violating the laws of the United States, specifically 46 U.S.C. App. § 1903, his argument is not a matter of subject matter jurisdiction. *See Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000) (defendant's argument that "Government lacks the power to prosecute a non-U.S. person" was not jurisdictional because the "United States filed an indictment charging [defendant] with violating 'laws of the United States,' and § 3231 on its face empowered the

district court to enter judgment upon the merits of the indictment"); *see also United States v. Viscome*, 144 F.3d 1365, 1369 (11th Cir. 1998) (challenge to evidence of interstate nexus was nonjurisdictional and thus waived by guilty plea).

In *United States v. Gonzalez*, 311 F.3d 440, 442-43 (1st Cir. 2002), the First Circuit considered an issue similar to that raised by Romero and held that the defendant's "unconditional guilty plea forfeited [his] claim that the speed boat was other than a stateless vessel." 311 F.3d at 444. Other circuits have reached similar conclusions in analogous situations. *E.g., United States v. Delgado-Garcia*, 374 F.3d 1337, 1340-43 (D.C. Cir. 2004) (unconditional guilty pleas waived right to challenge the court's extraterritorial jurisdiction over alien smuggling prosecution), *cert. denied*, 125 S. Ct. 1696 (2005); *United States v. Moreno-Morillo*, 334 F.3d 819, 826 (9th Cir. 2003) (defendant could not challenge MDLEA's reservation to court of "vessel jurisdiction" issue because a defendant "cannot knowingly waive his right to a jury trial and then contend on appeal that his right to such a trial has been violated"). Simply put, section 1903's "subject to the jurisdiction of the United States" language is a limitation on the extra-territorial reach of the statute, not a matter of true subject matter jurisdiction. Subject matter jurisdiction, as this Court repeatedly has explained, derives from 18 U.S.C. § 3231. *See, e.g., Alikhani*, 200 F.3d at 734-35.[2] Thus, by pleading guilty, Romero waived his right to challenge his convictions on this ground.

In any event, even if Romero had not waived this issue by pleading guilty, he would not be entitled to relief both because he admitted these facts when he pled guilty and

---

[2] In *United States v. Tinoco*, 304 F.3d 1088, 1105 (11th Cir. 2002), the Eleventh Circuit stated that "it is now clear that the jurisdictional requirement [in section 1903(c)(2)] goes only to the court's subject matter jurisdiction." This Circuit, however, held only that Congress had the authority to have the district court, rather than the jury, decide that "jurisdictional" issue; the Eleventh Circuit's holding did not require that the issue be one of subject matter jurisdiction, nor provide any authority for its assertion. Moreover, it is apparent from the Eleventh Circuit's holdings in other cases, such as *Alikhani, McCoy, and Viscome*, cited above, that true subject matter jurisdiction is not dependent on the district court's determination under section 1903(c).

because the record independently supported those facts. Vessels "subject to the jurisdiction of the United States" include those "registered in a foreign nation where the flag nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C. App. § 1903(c)(1)(C). At his change-of-plea hearing, Romero admitted that "[t]he Honduran Government consented to the United States' jurisdiction over the vessel, and thus rendering the vessel subject to the jurisdiction of the United States." Doc. cr-259 at 21-23.

In addition, the record showed that the Honduran Government had "waived its primary right to exercise jurisdiction and authorized the enforcement of United States law by the United States over the fishing vessel MISS MERY HILL, including its cargo and persons on board." Doc. cr-67. That certification by the Secretary of State's designee "conclusively proved" Honduras's consent and waiver of objection. See 46 U.S.C. App. § 1903(c)(1). Thus, the vessel was subject to the jurisdiction of the United States. See 46 U.S.C. App. § 1903(c)(1)(C) ("a vessel registered in a foreign nation where the flag nation has consented or waived objection to the enforcement of United States law by the United States"). The MDLEA carefully sets forth the requirements for subjecting vessels to United States jurisdiction, see 46 U.S.C. App. § 1903(c), and, as is discussed above, the Miss Mery Hill was subject to its (territorial) jurisdiction.

Romero's claim has no merit.

Accordingly, the Court orders:

That Romero's motion to vacate (Doc. cv-1; cr-303) is denied.  The Clerk is directed to enter judgment against Romero in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 10, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James C. Preston, Jr.
Kelvin Noe Morales Romero